UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DILWORTH PAXSON LLP**
Scott J. Freedman
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Telephone: (856) 675-1962
Facsimile:  (856) 249-5098
E-mail:  sfreedman@dilworthlaw.com

*Attorneys for Daniel E. Straffi, Chapter 7 Trustee*

In re:

       PUREKANA, LLC,

                      Debtor.

**Order Filed on November 6, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 7

Case No. 24-13462 (MEH)

Honorable Mark E. Hall

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG
THE TRUSTEE AND SIMPLY BETTER BRANDS CORP., ET AL.**

The relief set forth on the following pages numbered two (2) through five (5) is hereby ORDERED.

**DATED: November 6, 2025**

Honorable Mark E. Hall
United States Bankruptcy Judge

#125273569v6

**THIS MATTER** having been opened to the Court upon the motion (the "**Motion**") of Daniel E. Straffi (the "**Trustee**"), Chapter 7 Trustee for the bankruptcy estate (the "**Estate**") of PureKana, LLC (the "**Debtor**"), through his attorneys and pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the entry of an order approving the terms of a settlement (the "**Settlement**") set forth in that certain settlement agreement (the "**Settlement Agreement**") by and among the Trustee, on the one hand, and TRUBAR Inc. f/k/a Simply Better Brands Corp., PureK Holdings Corp. and AF1 Capital Corp., No B.S. Life, LLC a/k/a NO BS LIFE LLC, Tru Brands, Inc. a/k/a TRUWOMEN, Trubrands Snack Company Inc., BRN Acquisition Corp., AF1 Merger Subco, LLC, D.A. Eddy, PLLC, David A. Eddy and Brian Meadows (collectively, the "**SBBC Parties**") on the other; and upon the full and complete record of the Debtor's bankruptcy case; and it appearing that good and sufficient notice of the Motion, the Settlement and the Settlement Agreement having been provided; and the Court having considered all the moving papers, any opposition and any arguments of counsel; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, the Estate, creditors and all other parties in interest and the factual and legal basis set forth in the Motion establishes just cause for the relief granted in this Order; and after due deliberation and other good and sufficient cause having been shown,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[1]

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this case and this matter in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9019.

C.      Due and proper notice of the Motion and, as applicable, the Opt-In Deadline, was provided as set forth in the Motion, and no other or further notice is required.

D.      A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties.

E.      The Trustee has determined in sound and reasonable exercise of his reasonable business judgment based on a good, sufficient and sound business purpose that the terms and conditions of the Settlement Agreement and the transactions contemplated thereby are in the best interests of the Debtor, the Estate and creditors.

F.      The transactions contemplated by the Settlement Agreement are the result of good faith, arms'- length negotiations between the parties, were not achieved by collusion and are fair and reasonable.

G.      The releases afforded under the Settlement Agreement by each of the Trustee Release Parties to each of the SBBC Parties and each of the Other Released Parties submitting the Opt-In Form to the Trustee on or before the Opt-In Deadline (collectively, the "**SBBC Release Parties**") are necessary consideration for the transactions contemplated by, and the other consideration provided under, the Settlement Agreement and are fair, equitable and reasonable under the circumstances.

H.      The releases afforded under the Settlement Agreement by each of the SBBC Release Parties to each of the Trustee Release Parties are necessary consideration for the transactions contemplated by, and the other consideration provided under, the Settlement Agreement and are fair, equitable and

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052

#125273569v6

Page (3)

Debtor: PUREKANA, LLC

Case No: 24-13462 (MEH)

Caption of Order:    ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE TRUSTEE AND SIMPLY BETTER BRANDS CORP., ET AL.

reasonable under the circumstances.

I.    The proposed transactions, consideration and other terms and conditions contemplated or imposed by the Settlement Agreement represent a sound and reasoned exercise of the Trustee's business judgment, are fair and reasonable, and in the best interest of the Debtor, the Estate and creditors.

J.    The Trustee has the authority to enter into and effectuate the Settlement Agreement and all documents thereunder and transactions contemplated thereby.

K.    Based on these findings of fact, the Court concludes that, as a matter of law, (i) the Settlement satisfies the requirements of Bankruptcy Rule 9019, and (ii) the Trustee is authorized to enter into and to take any and all actions necessary to effectuate the Settlement, the Settlement Agreement and the transactions contemplated thereby.

L.    Any and all findings of fact and conclusions of law announced by the Court at the hearing on the Motion are hereby incorporated herein by reference.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.    The Motion is **GRANTED and APPROVED** in all respects, as further set forth herein.

2.    All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Settlement Agreement.

3.    All objections to the Motion (if any) and/or the relief requested therein that have not been withdrawn, waived or settled, and all reservation of rights included therein, are overruled on the merits with prejudice.

4.    The terms and conditions of the Settlement Agreement and the obligations and transactions contemplated thereby, are approved in all respects as authorized and directed pursuant to Bankruptcy Rule 9019 and sections 105(a) and 363 of the Bankruptcy Code.

5.    The terms and conditions of the Settlement Agreement are binding on the Debtor, the Estate, the SBBC Parties and each of their respective successors and assigns.

6.    Neither the Trustee nor any of the SBBC Release Parties shall take any action that is inconsistent with the terms and conditions of the Settlement Agreement.

7.    The Opt-In Form attached to the Motion as Exhibit "C" is approved in all respects.

8.    The procedures set forth in the Motion and, unless otherwise provided in this Order, each of the Other Released Parties that properly submit the Opt-In Form to the Trustee on or before the Opt-In Deadline shall be deemed to receive and provide the releases set forth in Paragraphs 5 and 6 of the Settlement Agreement, respectively, upon the occurrence of the Effective Date.

9.    Unless otherwise provided in this Order, each of the Trustee Release Parties shall be deemed to release, acquit and forever discharge each of the SBBC Release Parties from any and all Causes of Action that the Trustee Release Parties may have against the SBBC Release Parties, upon the occurrence

#125273569v6

Page (4)

Debtor: PUREKANA, LLC

Case No: 24-13462 (MEH)

Caption of Order:  ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE TRUSTEE AND SIMPLY BETTER BRANDS CORP., ET AL.

of the Effective Date.

10.  Upon the occurrence of the Effective Date and unless otherwise provided in this Order, each of the SBBC Release Parties shall be deemed to (a) release, acquit and forever discharge each of the Trustee Release Parties from any and all Causes of Action that the SBBC Release Parties may have against the Trustee Release Parties and (b) irrevocably waive, release, withdraw and/or forego any distribution from the Estate as to and release any and all claims they may hold or accrue against the Estate including but not limited to the SBBC Claim and any other proof of claim that may be held or filed and any right to assert a claim with respect to the Settlement Amount and/or the Payments pursuant to section 502(h) of the Bankruptcy Code.

11.  Notwithstanding anything to the contrary in the Settlement Agreement or the Motion and unless otherwise provided in this Order, only the following Other Released Parties have properly and timely opted in to the release provisions set forth in Paragraphs 5 and 6 of the Settlement Agreement and, accordingly, shall, upon the Effective Date, be released, acquitted and forever discharged by the Trustee Release Parties from any and all Causes of Action, and release, acquit and forever discharge each of the Trustee Release Parties from any and all Causes of Action:  (a) Heavenly Rx, Ltd.; (b) Anita Kuper d/b/a YourNet Communications; (c) Claremont Foods, LLC; (d) Aloe Finance; (e) Michael Galloro; (f) Mark Groussman; (g) Marlio Mauricio Diaz Cardona a/k/a Mauricio Diaz; (h) Paul Norman; (i) Jonel McFadden; (j) Brock Bundy; (k) Claire Ughetto; (l) Erica Groussman; (m) Fernando Massalin; (n) J.R. Kingsley Ward; (o) Laura Freimane; (p) Richard Kellam; (q) St John Walshe; (r) Vimy Ridge Group Investments Inc.; (s) VRG Capital Corp.; (t) Kathy Casey; (u) DTC Brands, LLC f/k/a Paradise Enterprises LLC; (v) BLIC Holdings, Inc.; (w) Catherine DeFrancesco; (x) Delavaco Holdings Inc.; and (y) Andrew DeFrancesco.

12.  Notwithstanding anything to the contrary in the Settlement Agreement or the Motion, Cody Alt ("**Alt**") is an Other Released Party, has opted in to the release provisions set forth in Paragraphs 5 and 6 of the Settlement Agreement and, upon the Effective Date, (i) shall be released, acquitted and forever discharged by the Trustee Release Parties from any and all Causes of Action including, without limitation, any relating to transfers made by the Debtor as described in Paragraph 115 of the Motion, and (ii) releases, acquits and forever discharges each of the Trustee Release Parties from any and all Causes of Action, including without limitation Proof of Claim No. 10-1 filed by Alt against the Estate on July 22, 2024 (the "**Alt POC**"), except that Alt shall not be deemed to release, acquit or forever discharge the claims for indemnification, subrogation, contribution, and/or reimbursement asserted in the Alt POC against the Debtor and the Estate (the "**Alt Indemnification/Subrogation Claims**") only on account, and to the extent, of any payments made by Alt to, and/or any amounts otherwise recovered by, WestTown (or its successors or assigns) in connection with and/or on account of Alt's guaranty of the Loan; *provided, however*, that, except as expressly stated herein, nothing in this Order provides for the allowance of, or in any way waives or releases any claims or objections held by any party with respect to, the Alt Indemnification/Subrogation Claims.

13.  Notwithstanding anything to the contrary in the Settlement Agreement or the Motion, Jeff Yauck ("**Yauck**") is an Other Released Party, has opted in to the release provisions set forth in Paragraphs 5 and 6 of the Settlement Agreement and, upon the Effective Date, (i) shall be released, acquitted and forever discharged by the Trustee Release Parties from any and all Causes of Action including, without limitation, any relating to transfers made by the Debtor as described in Paragraph 115 of the Motion, and (ii) releases, acquits and forever discharges each of the Trustee Release Parties from any and all Causes of Action, including without limitation Proof of Claim No. 11-1 filed by Yauck against the Estate on July 22, 2024 (the "**Yauck POC**"), except that Yauck shall not be deemed to release, acquit or forever discharge

#125273569v6

Page (5)

Debtor: PUREKANA, LLC

Case No: 24-13462 (MEH)

Caption of Order:      ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG THE TRUSTEE AND SIMPLY BETTER
BRANDS CORP., ET AL.

the claims for indemnification, subrogation, contribution, and/or reimbursement asserted in the Yauck POC against the Debtor and the Estate (the "**Yauck Indemnification/Subrogation Claims**") only on account, and to the extent, of any payments made by Yauck to, and/or any amounts otherwise recovered by, WestTown (or its successors or assigns) in connection with and/or on account of Yauck's guaranty of the Loan; *provided, however*, that, except as expressly stated herein, nothing in this Order provides for the allowance of, or in any way waives or releases any claims or objections held by any party with respect to, the Yauck Indemnification/Subrogation Claims.

14.     Nothing in the Settlement Agreement, this Order and/or any ancillary documents that may be executed by one or more of the Parties in furtherance of the Settlement Agreement are intended or will be construed in any way to limit, waive, release or discharge (a) any Causes of Action held by the Debtor, the Estate, the Trustee or any other party against any person or entity that is not one of the SBBC Release Parties (each a "**Non-Settling Party**") including without limitation DLA Piper, Michael Beedles a/k/a Mike Beedles, MDLC Global, NextChoice Advisors, Inc. and/or their respective agents, associates, employees or affiliates or (b) the ability to seek recovery from or collection of any judgment arising from such Causes of Action against a Non-Settling Party by such means as authorized under federal or state law.

15.     Within seven (7) days after the Effective Date, the Trustee shall file a stipulation dismissing the No BS Adversary Proceeding with prejudice and with each party responsible for their own fees and costs.

16.     The Trustee is authorized to perform the actions, execute the documents and expend the funds as may be necessary to effectuate the terms and conditions of the Settlement, the Settlement Agreement and this Order.

17.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

18.     To the extent of any conflict between the terms of this Order, the Motion and/or the Settlement Agreement, the terms of the Settlement Agreement shall control.

19.     If the Effective Date does not occur, the terms and conditions of the Settlement Agreement and the relief afforded by this Order shall be *void ab initio*.

20.     This Order shall be immediately effective and binding on each of the Parties.

#125273569v6